UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGINALD SANDERS,

                          Petitioner,

v.                                        Case No. 3:12-cv-826-J-12TEM

STATE OF FLORIDA,
et al.,

                          Respondents.

_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, an inmate of the Pretrial Detention Facility in Jacksonville, Florida, who is proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus (Petition) (Doc. #1). In the Petition, Petitioner challenges his alleged illegal detention at the Pretrial Detention Facility. He asserts that his confinement is illegal because he was charged with sale of cocaine, but lacked the predisposition to engage in criminal conduct. Petition at 1. Because his allegations and claims are in the nature of habeas corpus in that he challenges the fact of his confinement, this Court will construe his Petition as seeking relief under 28 U.S.C. § 2254.[1]

_____

[1] Petitioner cites Florida Statutes section 394.459(10), see Petition at 1; however, that section pertains to mental health patients taken into custody, held, or transported to a receiving or treatment facility under the Florida Mental Health Act.

Since Petitioner is now awaiting trial on a criminal charge of sale or delivery of cocaine, but has not yet been tried or convicted,[2] his request is barred by the abstention doctrine and the principles of exhaustion and comity.  Absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding.  See Younger v. Harris, 401 U.S. 37, 43-44 (1971); Butler v. Alabama Judicial Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases--already pending in state court--free from federal court interference.") (citation omitted).

Furthermore, Petitioner has not shown that he has exhausted any state remedies available to him in state court.  See 28 U.S.C. § 2254(b)(1)(A).  In the interests of comity, this Court should give the state courts the opportunity to rule on his claims before he seeks relief in the federal courts.  See Rose v. Lundy, 455 U.S. 509 (1982).  For these reasons, this Petition will be dismissed without prejudice.

---

[2] The Duval County docket reflects that Reginald Sanders is represented by counsel (Assistant Public Defender Markus Ankuan Sermons) and that the case is scheduled for a pretrial hearing on August 7, 2012. See https://showcase.duvalclerk.com (Case No. 2012-CF-5396).

- 2 -

Accordingly, it is now

**ORDERED:**

1.    The Petition (Doc. #1) is hereby **DENIED** without prejudice to his right to refile, and this case is **DISMISSED WITHOUT PREJUDICE.**

2.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case without prejudice.

3.    The Clerk of the Court shall close this case.

4.    The Clerk shall provide a copy of the Petition (Doc. #1) and this Order to Petitioner's counsel (Assistant Public Defender Markus Ankuan Sermons) for investigation into Petitioner's assertions, if appropriate.  The address is: Public Defender's Office, 407 North Laura Street, Jacksonville, Florida, 32202-3109.

**DONE AND ORDERED** at Jacksonville, Florida, this 25TH day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE

sc 7/20
c:
Reginald Sanders